# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Joseph Ricci,

            Plaintiff,

vs.

Nevada Department of Corrections, *et al.*,

            Defendants.

Case No.: 2:25-cv-01828-JAD-MDC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1), DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE (ECF NO. 1-1), AND DENYING MOTION FOR ISSUANCE OF SUMMONS (ECF NO. 3) AS MOOT**

    Pending before the Court is *pro se* plaintiff Joseph Ricci's *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1). The Court **GRANTS** plaintiff's IFP application and dismisses plaintiff's Complaint (ECF No. 1-1) without prejudice. The Court also **DENIES** plaintiff's *Motion for Issuance of Summons* ("Summons Motion") (ECF No. 3) as moot.

## DISCUSSION

**I.**     **IFP APPLICATION**

    **A.**     **Legal Standard**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-1370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

//

### B. Plaintiff Qualifies For IFP Status

The Court finds plaintiff qualifies for IFP status. Plaintiff reports that he receives $2,296.00 per month in "retirement", "disability", and "public assistance[.]" *ECF No. 1* at 1-2. Plaintiff also has $27.00 in cash, $775.00 (e.g., $660) in his bank accounts and a 2010 Toyota Highlander worth $4,000.00. *Id.* at 2-3. Plaintiff spends nearly all of his monthly income on living expenses such as on rent, utilities, food, laundry/dry cleaning, and more. *Id.* at 4-5 (spending $2,278 in monthly expenses). Therefore, the Court finds that plaintiff has adequately shown he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

## II. COMPLAINT

### A. Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### B.  Plaintiff Cannot Sue Defendant Nevada Department Of Corrections For Alleged Violation Arising Under 42 U.S.C. § 1983

Plaintiff brings suit under 42 U.S.C. § 1983. *ECF No. 1-1*. A Section 1983 claim can only be maintained against a person. *Id.* One of the parties that plaintiff attempts to sue is Nevada Department of Corrections ("NDOC"). *ECF No. 1-1*. NDOC is not a person. Plaintiff describes NDOC as a "state agency" and NDOC is listed as a state agency on an official Nevada government website. *ECF No. 1-1* at 3; *see* https://nv.gov/agencies. Therefore, plaintiff's § 1983 claims against NDOC are barred because states and state agencies are not "persons" for the purposes of § 1983 claims. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (stating that States or governmental entities that are considered "arms of the State' for Eleventh Amendment purposes are not "persons" under § 1983). "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, because a state or state agency is not a person for purposes of § 1983, plaintiff is missing an essential element of a § 1983 claim. Therefore, plaintiff is unable to bring a Section 1983 claim against the NDOC.

### C. Plaintiff Is Barred From Suing Defendant Nevada Department Of Corrections Under the Eleventh Amendment

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Thus, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). "[T]he test for waiver is a stringent one. A state waives its immunity when it voluntarily invokes federal jurisdiction or makes a clear declaration that it intends to submit itself to federal jurisdiction." *Bank of Lake Tahoe v. Bank of Am.*, 318 f.3d 914, 917 (9th Cir. 2003) (internal citations and quotation marks omitted). NDOC is a state agency. Plaintiff has not articulated in his complaint, nor has NDOC expressed, a waiver of Eleventh Amendment immunity. In fact, the State of Nevada has explicitly refused to waive its Eleventh Amendment immunity. NRS 41.031(3). Plaintiff also does not allege any facts or state a law indicating that the Eleventh Amendment does not apply to his claims. Therefore, plaintiff's claims against NDOC are barred as a matter of law under the Eleventh Amendment.

The Court notes that the other defendants are state officers sued in their individual capacities that can be used under Section 1983 and do not have Eleventh Amendment immunity from suit. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991) (stating that Section 1983 suits against state officers in their individual capacity are allowed); U.S. Const. amend. XI. However, while plaintiff can bring a Section 1983 claim against the other defendants, he does not plausibly claim a Fourteenth Amendment due process claim at this time.

### D. Plaintiff's Is Able To Bring A Section 1983 Claim Against The Other Defendants In This Action

Plaintiff was incarcerated in state prison until August 13, 2024. *See ECF No. 1-1* at 5. He seems to allege that he was entitled to be paroled on January 22, 2024, under NRS 213.1215, 12 months before his maximum term expiration date ("MTED") of January 22, 2025. *Id.* However, defendants allegedly applied plaintiff's earned credits to reduce his parole eligibility window to only 6 months before his MTED while not moving his MTED to an earlier date. *Id.*; *see ECF No. 1* at 7; *see also ECF No. 1-1*, *Ex. A* (reducing plaintiff's parole eligibility window to 6 months using the earned credits plaintiff earned to reduce his sentence). Plaintiff thus alleges that he was held in state prison for "204 days beyond the date he was legally entitled to be released" in violation of his Fourteenth Amendment due process rights. *Id.* at 7.

As an initial matter, the Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's Section 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82. Here, plaintiff in the complaint is challenging the fact or duration of his confinement when he alleges that he was entitled for release on parole sooner. *See ECF No. 1-1*; *see also Almy v. Dzurenda*, 3:17-cv-00045-MMD-WGC, Screening Order, ECF No. 6 at 4. (holding that plaintiff stated a claim that challenges the fact or duration of his confinement when the

Court would have to hold that plaintiff should have been paroled sooner if plaintiff were to succeed in the action).

However, plaintiff seems to be released on parole since August 13, 2024. In *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), the Ninth Circuit held that a former inmate would not be barred from bringing a Section 1983 suit if that former inmate's habeas corpus petition would be dismissed as moot. *Id.* at 875-77. Here, if plaintiff filed a habeas corpus petition on this matter, it would likely be dismissed as moot because he appears to be currently paroled. *See id.* Therefore, the Court will permit this action to proceed as a Section 1983 action.

### E. Plaintiff Does Not State A Plausible Fourteenth Amendment Due Process Claim At This Time

As stated above, plaintiff alleges that defendants used his earned credits to reduce his parole eligibility window to 6 months instead of moving his MTED to an earlier date in violation of his Fourteenth Amendment due process rights. *See ECF No. 1-1*. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A due process analysis proceeds in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff alleges no interest plausibly protected by the Fourteenth Amendment here. Foremostly, the Supreme Court has held that prisoners do not have a constitutional right to be released before expiration of a valid sentence even where a state provides for the possibility of parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-8, 10-11 (1979). Nevada's statutory parole scheme also "expressly disclaims any intent to create a [constitutional] liberty interest." *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010). Plaintiff thus does not have protected interest under Fourteenth

Amendment Due Process Clause by alleging that defendants used his earned credits to shorten his parole eligibility window.

While plaintiff also alleges that defendants did not apply his earned credits to move his MTED earlier, NRS 213.1215 only affects plaintiff's parole eligibility date and not his MTED. *See id.* Plaintiff also provides no facts showing that defendants failed to apply his earned credits to move his MTED to an earlier date. *See ECF No. 1-1*; *see also ECF No 1-1, Ex. A* (noting that defendants reduced plaintiff's parole window using his earned credits but not showing that defendants failed to use the earned credits to move plaintiff's MTED to an earlier date). Therefore, plaintiff does not state a plausible Fourteenth Amendment claim at this time.

### F. Plaintiff's State Law Claim

The Court construes plaintiff to also allege that defendants violated state law when they used his earned credits to reduce his parole eligibility window instead of his MTED. *See ECF No. 1-1* at 5. To the extent that plaintiff makes out a state law claim, his claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983 because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Further, to the extent that NDOC is afforded Eleventh Amendment immunity as a state agency, the Ninth Circuit has held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *See Stanley v. Trs. Of the Cal. State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims"). Therefore, the Court dismisses plaintiff's state law claims unless or until a federal claim(s) is allowed to proceed.

//

### G. Amended Complaint

The Court will give plaintiff an opportunity to try to amend his complaint and properly allege claims in accordance with this Order. Plaintiff is reminded to ensure that all defendants can be sued and are not immune from suit in the amended complaint. Plaintiff is also cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.

### III. CONCLUSION

The Court grants plaintiff's IFP application. The Court dismisses without prejudice plaintiff's complaint and gives him an opportunity to file an amended complaint addressing the deficiencies noted in this Order. As the Court dismisses the complaint without prejudice, the Summons Motion is denied as moot and premature. Plaintiff may refile the if the Court screens and allows his amended complaint to move forward in this action.

//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) is **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's *Motion for Issuance of Summons* (ECF No. 3) is **DENIED** as moot. Plaintiff may refile the Motion if the Court screens and allows his amended complaint to move forward in this action.

4. Plaintiff has until **Monday, January 5, 2026,** to file an amended complaint addressing the issue addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

5. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED: November 4, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.