**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph Ricci,<br><br>                Plaintiff,<br><br>vs.<br><br>James Dzurenda, *et al.*,<br><br>                Defendants. | Case No.: 2:25-cv-01828-JAD-MDC<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 7) and DENYING PLAINTIFF'S MOTIONS TO FILE ELECTRONICALLY AS MOOT (ECF NOS. 6, 8).** |

Pending before the Court is *pro se* plaintiff Joseph Ricci's Amended Complaint (ECF No. 7) ("Amended Complaint"). For the reasons stated below, the Court **DISMISSES** plaintiff's Amended Complaint with leave to amend. The Court also **DENIES** as moot and without prejudice plaintiff's Motions to File Electronically (ECF Nos. 6, 8). Plaintiff may refile the motion after he timely refiles another amended complaint and the Court screens it.

**DISCUSSION**

**I.      BACKGROUND**

Plaintiff initiated this action by filing an Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and his original Complaint (ECF No. 1-1). The Court granted plaintiff leave to proceed in forma pauperis and screened plaintiff's original Complaint, dismissing it with leave to amend because plaintiff failed to state a plausible claim for relief. *ECF No. 4*. Plaintiff then filed the Amended Complaint at issue here (ECF No. 7) and two Motions to File Electronically (ECF Nos. 6, 8).

**II.     AMENDED COMPLAINT**

**A.      Legal Standard**

The Court exercises its discretion to screen the Amended Complaint. *See Yahral v. Fincher*, No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254 at \*1 (D. Nev. August 4, 2025); *see also Harris v. Cnty of Clark*, No. 2:22-cv-00560-RFB-NJK, 2024 WL 4349195 at \*1 (D. Nev. September 29, 2024) (stating

"district courts repeatedly find that the decision to screen an amended complaint is within the discretion of the Court"); *Matlean v. Dzurenda*, No. 2:19-cv-01498-APG-DJA, 2021 WL 4864285 at *1 (D. Nev. October 19, 2021) (stating that Federal courts screen amended complaints at their discretion).[1]  The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Because a complaint must be complete in itself, courts generally do not consider matters outside the pleadings when screening complaints under 28 U.S.C. § 1915A. The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). At issue here is whether plaintiff's Amended Complaint states a plausible

---

[1] While these cited cases were in the prisoner context and 28 U.S.C. § 1915 sometimes refers to prisoners, the Ninth Circuit has held that 28 U.S.C. § 1915 screening provisions are not limited to cases initiated by prisoners. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

claim for relief.  "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

**B.    Analysis**

Plaintiff attempts to state a claim under 42 U.S.C. § 1983, stating that defendants violated his Fourteenth Amendment Due Process rights. *ECF No. 7* at 4-5. For the reasons below, the Court dismisses plaintiff's Amended Complaint with leave to amend.

**i.    Plaintiff Does Not State A Plausible Claim At This Time**

Plaintiff seems to allege that defendants used his earned credits to shorten his parole eligibility window to 6 months instead of moving his maximum term expiration date ("MTED") to an earlier date, in violation of his Fourteenth Amendment due process rights. *ECF No. 7*. Plaintiff made a similar claim in his prior complaint. *See ECF No. 1-1*. The Court finds that plaintiff alleges insufficient facts and legal authorities to state a plausible claim at this time.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A due process analysis proceeds in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff alleges no interest plausibly protected by the Fourteenth Amendment at this time. Plaintiff alleges that he "earned sufficient credits to reduce his maximum term." *ECF No. 7* at 3. However, the statute he claims gives him a liberty interest in reducing his maximum term is Nev. Rev.

Stat. 213.1215 ("213.1215"), specifically 213.1215(1) and 213.1215(10). The Court has already found that 213.1215 "only affects plaintiff's parole eligibility date and not his MTED." *ECF No. 5* at 8. The Court also already found that Nevada's statutory parole scheme "expressly disclaims any intent to create a [constitutional] liberty interest." *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010); *see also ECF No. 5* at 7. 213.1215(1) states that prisoners who meet certain criteria "must be released **on parole** 12 months before the end of his or her maximum term[.]" Nev. Rev. Stat. 213.1215(1) (emphasis added). 213.1215 adds more context on how the 12-month period before the end of a prisoner's term is calculated for purposes of being released on parole. Nev. Rev. Stat. 213.1215(10). In sum, NRS 213.1215 is about a prisoner's release on parole and thus does not create a protectable Fourteenth Amendment liberty interest.

Plaintiff also mentions SB 413 in support of his claim. However, he does not allege sufficient facts in his complaint that show that SB 413 grants him a protective liberty interest. He states that the law "clarified that credits must reduce the maximum term to advance the release date, not shorten the parole window." *ECF No. 7* at 3. SB 413 states that "an offender who complies with the programming and placement identified in the risk and needs assessment administered pursuant to [Nev. Rev. Stat.] 209.341, as determined by the Director, must be allowed credit against the maximum term or maximum aggregate term[.]" Plaintiff alleges that he earned "sufficient credits to reduce his maximum term." *ECF No. 7* at 3. Plaintiff alleges no facts that the Director of the Nevada Department of Corrections determined that he complied with the "programming and placement identified in the risk and needs assessment administered pursuant to [Nev. Rev. Stat.] 209.341." SB 413.

Furthermore, plaintiff offers no authority or facts that show that he has a constitutionally protected liberty interest in maximum-sentence deductions. This District has explained that sentence reduction credit laws that vest discretion in the officials creates no due process liberty interest. *See Neal v. Hargrave*, 770 F. Supp. 553, 557-58 (D. Nev. 1991) (citation omitted). Without more in plaintiff's

Amended Complaint, the Court finds that he has not stated a plausible claim for relief at this time.

### ii.     Plaintiff's State Law Claims

As with plaintiff's prior complaint, the Court construes plaintiff to also allege that defendants violated state law when they used his earned credits to reduce his parole eligibility window instead of his MTED. *See ECF No. 7* at 3. To the extent that plaintiff makes out a state law claim, his claims are barred by jurisdiction. Although supplemental jurisdiction may allow for plaintiff to bring state law claims, plaintiff cannot bring these claims under Section 1983 because his federal claims fail. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."). Therefore, the Court dismisses plaintiff's state law claims unless or until a federal claim(s) is allowed to proceed.

### C.     Leave to Amend

Given plaintiff's efforts to make a claim under 42 U.S.C. § 1983, the Court will give plaintiff one, final opportunity to establish a plausible claim for relief. Plaintiff is cautioned that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.  Plaintiff has until **April 10, 2026,** to file an amended complaint addressing the issues addressed above. The plaintiff is cautioned that failure to establish a plausible claim in that amended complaint may result in a recommendation of dismissal without leave to further amend his complaint.

//

//

### III.    MOTIONS TO FILE ELECTRONICALLY

Because plaintiff's Amended Complaint is being dismissed with leave to amend, the Court denies his Motions to File Electronically (ECF Nos. 6, 8) as moot and without prejudice. Plaintiff may refile the motion after he timely refiles another amended complaint and the Court screens it.

### IV.    CONCLUSION

Plaintiff has failed to cure the defects in his original Complaint. The Court will give him one more opportunity to amend his Complaint to establish a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff's Motions to File Electronically are also denied as moot and without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE**.

2.  Plaintiff has until **April 10, 2026,** to file an amended complaint addressing the issues addressed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in a recommendation for dismissal.

3.  If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

4.  Plaintiff's Motions to File Electronically (ECF Nos. 6, 8) are **DENIED** as moot and without prejudice. Plaintiff may refile the motion after he timely refiles another amended complaint and the Court screens it.

DATED:  February 11, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

6

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.